Daniel, J.
 

 The first part of his Honor’s charge to the jury is unobjectionable, and right in law; but when he proceeded to say, “ though it might be true, that the
 
 *6
 
 plaintiff agreed to take the note at his own risk, yet if he was ignorant of the condition of the parties to the note, and the defendant knew it and concealed it, it would be a fraud ón the plaintiff, and he would be entitled to their verdict,” we think he eri’ed.
 

 In the case of
 
 Mellish
 
 v.
 
 Matteux,
 
 Peaks’ N. P. cases 115, Lord Kenyon laid down the law as his Honor did in this case ; for he said, “ with all faults” means with all faults unknown to the vendor; but in
 
 Baslehole
 
 v.
 
 Watters,
 
 3 Camp. 154, Lord Ellenborough overruled the case of
 
 Mellish
 
 v.
 
 Matteux,
 
 and his decision is confirmed by the whole Court of Common Pleas, in the case of
 
 Pickering
 
 v.
 
 Dawson,
 
 4 Taunt. 778. The meaning of selling “with all faults,” is, that the purchaser shall make use of his eyes and understanding to discover what defects there are. But the vendor is not to make use of any artifice or practice to conceal faults, or to prevent the purchaser from discovering a fault, which he, the vendor, knew to exist. When the vendee takes the article at his own risk, or with all faults and defects, the vendor is relieved from disclosing any faults he may know to exist in the thing sold; the maxim
 
 caveat emptor,
 
 then applies.
 

 We think that there must be a new trial.
 

 Per Curiam. New trial awarded.