# L. J. SMITH CONSTRUCTION COMPANY, Appellant, v. W. C. MULLINS and SOUTHERN SURETY COMPANY, Respondent.

Kansas City Court of Appeals, January 28, 1918.

1. **CONTRACTS: Warranty, Express or Implied: Leases of Personal Property.** A lease of machinery which provides that property was leased "in the present condition thereof" discloses an intention on the part of the parties that there should be no warranty express or implied.

2. ———: **Pleading: Fraud.** An action for rent and failure to return machinery in good condition, cannot be defended on the ground that the owner knowingly and fraudulently concealed the fact that the macinery was old, worn and out of repair when rented, where fraud was not set up in the answer. Such a claim must be pleaded.

3. ————: **Evidence: Conclusions of Witnesses.** Questions propounded to witnesses and the answers thereto in language constituting conclusions or ultimate facts to be found by a jury are erroneous. Questions should call for a statement of facts on which the jury could draw its own conclusion.

Appeal from Jackson Circuit Court.—*Hon. Thomas B. Buckner,* Judge.

REVERSED AND REMANDED.

*McVey & Frect* for appellant.

*Fyke & Snyder* for respondents.

BLAND, J.—On November 27, 1914, plaintiff, by a written lease, rented to defendant, W. C. Mullins, certain grading machinery consisting of a steam shovel, dinkey engines and dump cars. The property was to be used by said defendant in grading work located near the union station in Kansas City, Missouri. It was expressly provided in the contract that the machinery was leased *in the present condition thereof*. A bond was executed for the faithful performance of the contract on the part of defendant, Mullins, and signed by said defendant as principal and the defendant, Southern Surety Company, as surety. The machinery was delivered to defendant, Mullins, and he used the same in this work for several months. Mullins paid more than five thousand ($5000) dollars on the rental of this machinery but did not pay all the rent stipulated to be paid in the contract. Plaintiff brought this suit for seven hundred, twenty-eight and 36/100 ($728.36) dollars, the balance of the rent claimed to be due, and for three thousand, eight hundred and seventy-seven and 24/100 ($3877.24) dollars and interest, which plaintiff claimed was due it by reason of the property not being returned to plaintiff as provided in the contract, that is, in as good condition and repair as when received, ordinary wear and tear excepted.

The answer on the part of Mullins consisted of an admission of the execution of the contract and a

general denial of all other matters alleged in the petition, and a cross-demand setting up that the machinery did not come up to an implied warranty that it was in reasonably good condition for the purposes for which it was leased and to an express warranty that the machinery was in first-class condition; that plaintiff fraudulently concealed from Mullins that the machinery was old, worn and out of repair and asked damages in the sum of seventy-five hundred ($7500) dollars. The jury found for the defendants of plaintiff's petition and for plaintiff on said defendants' cross-demand, and plaintiff has appealed. There was no appeal on the part of defendants.

Plaintiff complains of an instruction given by the court which told the jury in effect that if they found from the evidence that the machinery was old and out of repair and not in a reasonably fit condition for the work and that defendant, Mullins, had paid plaintiff as rent all that the use of such machinery was reasonably worth considering its defective condition (if it was defective), then plaintiff was not entitled to recover any further sum on account of the rent of said engines and appliances. This instruction and similar instructions given on behalf of the defendants were based upon an assumption by the court that the question of express and implied warranty connected with fraudulent concealment were in the case, which plaintiff strenuously contends were not.

It is the contention of the plaintiff that because the contract provided that the machinery was leased ''in the present condition thereof'' there was an intention on the part of the parties that there should be no warranty either expressed or implied. We believe this contention to be well taken. The defendants seem to think that these words used in the contract did not show such intention. Defendants' construction of these words is that the contract warranted the machinery in its present condition to be reasonably fit and suitable for the work. We are required to give effect to all parts of the contract. To adopt defendants' construc-

tion of it would not be meeting this requirement but would be holding that the words quoted were meaningless and that the contract would be the same if they were not in it. We think that the words "in the present condition thereof" as used in this contract are equivalent to the use of the words "with all faults." When words of this kind are used the meaning of the contract is that the purchaser or lessor shall make use of his eyes and understanding to discover what defects there are, if any. When the vendee or lessee takes the article at his own risk, or with all faults or defects, the vendor or lessor is relieved from disclosing any faults he may know to exist in the thing sold or leased; the maxim *caveat ·emptor* then applies. However, the vendor or lessor is not to make use of any artifice or practice to conceal the faults or defects, or to prevent the purchaser or lessee from discovering faults which he, the vendor or lessor, knew to exist, for if the latter is guilty of such conduct it is fraudulent. [Smith v. Andrews, 30 N. C. 3; Whitney v. Bordman, 118 Mass. 1. c. 247-248; 35 Cyc. 270.] As it clearly was the intention of the parties in the case at bar that the machinery was to be accepted in the condition in which it was, there could have been neither an expressed nor implied warranty as to its condition. [Iron Co. v. Holbeck, 109 Mo. App. 1. c. 185; Boulware v. Mfg. Co., 152 Mo. App. 1. c. 572; Overhulser v. Peacock, 148 Mo. App. 504; 6 Corpus Juris., pp. 1110, 1111.]

The action for rent and failure to return the machinery in good condition cannot be defended on the ground that the plaintiff knowingly and fraudulently concealed from the defendants that the machinery was old, worn and out of repair, for the reason that no fraud is pleaded in the answer. In order for defendants to take advantage of any such claim the same must have been set up in the answer. It is true that fraud is pleaded in the cross-action. The jury found for the plaintiff on defendants' cross-action. We do not say what effect this will have on defendants' right to set up the alleged fraud when the case is again tried, but it

is sufficient for us to say that, in view of the present state of the pleadings, there is nothing in the case permitting a defense on the ground of fraud of plaintiff's cause of action for rent and damage to the machinery.

Defendants produced witnesses to testify as to the condition of the machinery at the time it was re-delivered to plaintiff. These witnesses were asked to tell the jury in what condition this machinery was when it was re-delivered and were permitted over the objection of plaintiff to give their conclusions as to such condition. The questions and answers were in language constituting a conclusion or ultimate fact to be found by the jury and were, therefore, erroneous. The questions under the circumstances of this case should have called for a statement of the facts on which the jury could draw its own conclusion as to the condition of the machinery. [Iron & Equipment Co. v. Smith, 257 Mo. 226.]

For the errors noted the judgment will be reversed and the cause remanded. All concur.